**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **PRESILUS PROPHETE**, <br><br> Plaintiff, <br><br> v. <br><br> **AMAZON.COM SERVICES LLC,** <br><br> Defendant. | CIVIL ACTION NO.: 3:26-cv-00389 <br><br> March 16, 2026 |

## <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Amazon.com Services LLC ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and removes this action from the State of Connecticut Superior Court, Judicial District of New Haven at New Haven, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

### BACKGROUND AND STATUTORY REQUIREMENTS

1. On or about February 3, 2026, Plaintiff Presilus Prophete ("Plaintiff"), proceeding *pro se*, commenced a civil action against Defendant in the Connecticut Superior Court titled *Presilus Prophete vs. Amazon.com Services LLC*, Docket No. NNH-CV26-5066011-S (the "Superior Court Action").

2. Plaintiff served Defendant with the Summons and Complaint on February 12, 2026. Accordingly, this Notice of Removal is timely, as it is being filed within 30 days of service in the Superior Court Action. *See* 28 U.S.C. § 1446(b).

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served by Plaintiff on Defendant are attached hereto as Exhibit A and constitute all process, pleadings, and orders served upon the Defendant in this action to the present date. 28 U.S.C. § 1446(a).

4.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district within which the Superior Court Action is pending.  28 U.S.C. §§ 86, 1441(a), and 1446(a).

5.      Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of New Haven at New Haven.  *See* 28 U.S.C. § 1446(d).

6.      By filing this notice, Defendant does not waive any defenses that may be available to it.

7.      This Court has jurisdiction over this matter on two independent bases: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## FEDERAL QUESTION JURISDICTION

8.      Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.      The Complaint alleges that Defendant employed Plaintiff, who is African American and was born in 1956, as a warehouse associate, and that after Plaintiff "went to Human Resources," Defendant terminated his employment for "alleged unsatisfactory production numbers." Ex. A, Complaint ("Compl."), ¶¶ 4, 11, 25-26.

2

10. Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the State of Connecticut Commission on Human Rights and Opportunities, alleging the same facts and asserting claims of race, national origin, and age discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Connecticut Fair Employment Practices Act, CONN. GEN. STAT. § 46-1-60 *et seq.* ("CFEPA").

11. Based on Plaintiff's allegations, it appears that he purports to assert claims for race, national origin and/or age-based discrimination/retaliation and unlawful termination under Title VII, the ADEA, and CFEPA. Because Plaintiff's allegations invoke two federal statutes—Title VII and the ADEA—the Court has federal question jurisdiction over this matter. 28 U.S.C. § 1331.

12. The Court has supplemental jurisdiction over Plaintiff's CFEPA claims pursuant to 28 U.S.C. § 1367, which provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, Plaintiff's CFEPA claims rest on the same facts as his federal claims. Thus, there is no question that supplemental jurisdiction exists.

### DIVERSITY JURISDICTION

13. Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

14.     The Complaint alleges that Plaintiff is a "Connecticut citizen residing in the city of Bridgeport." Compl. ¶ 1. Plaintiff further claims that he was an employee of Defendant at its warehouse located in North Haven. (*Id.* ¶ 2.)

15.     For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), a limited liability company takes the citizenship of each of its members. *See Handelsman v. Bedford Vill. Assocs. Limited P'ship,* 213 F.3d 48, 51–52 (2d Cir. 2000); *N. Sails Grp., LLC v. Boards & More GmbH*, Docket No. 3:18-CV-160 (CSH), 2018 WL 731797, at *4 (D. Conn. Feb. 6, 2018).

16.     If a member of the limited liability company is a corporation, the corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

17.     The term "principal place of business" means "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is usually found at the company headquarters and often referred to as the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

18.     Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. It has a single member, Amazon.com Sales, Inc., which is a corporation incorporated in Delaware, with its principal place of business in Washington. Its corporate headquarters are located in Seattle, Washington. All of the company's primary executive, administrative, financial, and management functions are in Washington, where its corporate officers direct, control, and coordinate its activities. Accordingly, Amazon.com Sales, Inc. is a citizen of Delaware and Washington.

19.     Based on the citizenship of its sole member, Defendant Amazon.com Services LLC is likewise a citizen of Delaware and Washington.

20.     Plaintiff is a citizen of Connecticut and Amazon.com Services LLC is a citizen of Delaware and Washington. Accordingly, the parties are completely diverse.

21.     Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interest and costs, to be in excess of $75,000. Plaintiff's Complaint does not specify the precise amount he seeks to recover in this action. He indicates only that the amount is "$2,500 or MORE." Compl., Cover Sheet at 1.[1]

22.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2). A removing defendant need only submit a "short and plain statement" plausibly alleging that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-89 (2014). Removal pleading tracks Federal Rule of Civil Procedure 8(a), such that "courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id.* at 87.

23.     Although Defendant denies liability in this matter, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  The Second Circuit has "liberal standards" for determining whether a plaintiff's claim meets the jurisdictional threshold. *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 51 (2d Cir. 2019).

24.     Under Title VII and the ADEA, if successful, Plaintiff may recover back pay, front pay, emotional distress damages, punitive damages, and liquidated damages. 42 U.S.C. § 2000e-5(g); 42 U.S.C. § 1981a; 29 U.S.C. § 626(b).

---

[1] Plaintiff submitted a "Statement of Amount in Demand" with his Complaint but failed to select an option to indicate whether he demanded greater than $15,000. *See* Ex. A, Statement of Demand at 1. Plaintiff also apparently seeks $6,000 for a catalytical converter that he alleges was stolen from his car in Defendant's parking lot, and $250 for towing fees. Compl. ¶¶ 23-24.

25.     Regarding economic damages, Plaintiff alleges that Defendant terminated his employment on June 15, 2025. At the time of his separation, Plaintiff earned $22.40 per hour working 40 hours per week (an annual rate of $46,592).  This means that the value of Plaintiff's lost wages, to date, is approximately $34,944 for nine months of lost wages.

26.     Moreover, Plaintiff could recover lost wages from the date of his termination through a trial date that is likely to be at least two years in the future.[2] *See Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 92 (E.D.N.Y. 2020) (noting that successful Title VII plaintiffs may receive backpay "from the date of termination to the date of the judgment."). While Defendant denies any liability to Plaintiff, if Plaintiff were to prevail on his claims, he could recover well in excess of the $75,000 jurisdictional minimum, even if he seeks only two years of lost wages in this case, a total of **$93,184** (Plaintiff's annual rate of $46,592 x 2).

27.     Beyond that, Plaintiff may recover punitive damages if successful, which are required to be considered in calculating the amount in controversy. *See Klaneski v. State Farm Mut. Auto. Ins. Co.*, 680 F. Supp. 3d 170, 182 (D. Conn. 2023) (if recoverable under statute, punitive damages are considered in jurisdictional amount).

28.     Defendant has sufficiently demonstrated that the amount in controversy in this case exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

29.     For the foregoing reasons, based on both federal question and diversity jurisdiction, Defendant requests that the United States District Court for the District of Connecticut assume

---

[2] Federal Judicial Caseload Statistics from December 2025 reflect that the median time interval from filing to disposition through trial for civil cases in the District of Connecticut is over three years. Available at: https://www.uscourts.gov/data-news/data-tables/2025/12/31/federal-court-management-statistics/n-a-1.

jurisdiction over the above-captioned action and issue such further orders and processes as may be

necessary to bring before it all parties necessary for the trial of this action.

Respectfully submitted,

/s/ Ian C. Beck
Elizabeth R. McKenna (ct28113)
Ian C. Beck (ct31687)
LITTLER MENDELSON, PC
One Century Tower
265 Church Street - Suite 300
New Haven, CT 06510
Telephone: 203.974.8714
Facsimile:  203.823.4801
ibeck@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2026, a copy of the foregoing was sent via

email and first class mail to pro se parties of record as follows:

Presilus Prophete
787 Colorado Ave.
Bridgeport, CT 06604

/s/ Ian C. Beck
Ian C. Beck (ct31687)

# EXHIBIT A

## SUMMONS - CIVIL

JD-CV-1 Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ |
|---|

**STATE OF CONNECTICUT**
**JUDICIAL BRANCH**
**SUPERIOR COURT**
www.jud.ct.gov

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

### TO: Any proper officer

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code)<br>**235 Church Street, New Haven, CT** | Telephone number of clerk<br>**( 203 ) 591 – 3300** | Return Date (Must be a Tuesday)<br>3/17/2026 |
|---|---|---|
| [x] Judicial District    G.A.<br>[ ] Housing Session  [ ] Number: ___ | At (City/Town)<br>**New Haven** | Case type code (See list on page 2)<br>Major: **C**    Minor: **90** |

### For the plaintiff(s) enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>**Presilis Prophete787 Colorado Ave,Bridgeport,CT06604** | Juris number (if attorney or law firm) |
|---|---|
| Telephone number<br>**( 203 ) 338 – 1152** | Signature of plaintiff (if self-represented) |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13) [x] Yes [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book<br>**p.prophete456@gmail.com** |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: **Presilus Prophete**<br>Address: **787 Colorado Ave,Bridgeport,CT 06604** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **Amazon Corporation Company**<br>Address: **Goodwin square,225 asylu Street,20th floor Hartford, CT 06103** | D-01 |
| **Additional defendant** | Name: **Amazon**<br>Address: **409 Washington Ave,North Haven,CT 06473** | D-02 |
| **Additional defendant** | Name: Corporation Service Company<br>Address: Goodwin Square, 225 Asylum St., 20th Floor, Hartford, CT 06103 | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |
| **Total number of plaintiffs: 1** | **Total number of defendants: 3** | [ ] Form JD-CV-2 attached for additional parties |

### Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>3/11/2026 | Signed (Sign and select proper box) | [ ] Commissioner of Superior Court<br>[x] Assistant Clerk | Name of person signing<br>Christopher McDermott |
|---|---|---|---|

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
|---|
| File Date |

A TRUE COPY ATTEST:

ALEX J. RODRIGUEZ
Docket Number STATE MARSHAL
HARTFORD COUNTY

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date<br>2-11-2026 |
|---|---|---|

| Print Form | Page 1 of 2 | Reset Form |

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do not use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | P 90 | All other |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| Housing | H 00 | Housing - Summary Process | | T 30 | Malpractice - All other |
| | H 03 | Housing - Deceased Tenants - Summary Process | | T 40 | Assault and Battery |
| | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 20 | Housing - Housing Code Enforcement | | T 69 | Animals - Other |
| | H 30 | Housing - Entry and Detainer | | T 70 | False Arrest |
| | H 40 | Housing - Audita Querela/Injunction | | T 71 | Fire Damage |
| | H 50 | Housing - Administrative Appeal | | T 90 | All other |
| | H 60 | Housing - Municipal Enforcement | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | H 70 | Housing - Bed Bug Infestation | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | H 87 | Housing - Denied Fee Waiver Appeal | | V 05 | Motor Vehicles* - Property Damage only |
| | H 90 | Housing - All Other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Miscellaneous | M 00 | Injunction | | V 09 | Motor Vehicle* - All other |
| | M 10 | Receivership | | V 10 | Boats |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 20 | Airplanes |
| | M 20 | Mandamus | | V 30 | Railroads |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 40 | Snowmobiles |
| | M 40 | Arbitration | | V 90 | All other |
| | M 50 | Declaratory Judgment | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 63 | Bar Discipline | | | |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | Wills, Estates and Trusts | W 00 | Probate Appeals |
| | M 68 | Bar Discipline - Inactive Status | | W 10 | Construction of Wills and Trusts |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | W 90 | All other |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | | | |
| | M 85 | Civil Protection Order | | | |
| | M 87 | Denied Fee Waiver Appeal | | | |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/ Board | | | |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE:_____

_Presilus Prophete_
(First Named Plaintiff)

V.

_Amazon, et al._
(First Named Defendant)

: SUPERIOR COURT

: JUDICIAL DISTRICT OF _New Haven_

: AT _New Haven_

: (Date) _02/03/2026_

## COMPLAINT

1. Plaintiff Presilus Prophete was and is a Connecticut citizen residing in the city of Bridgeport.

2. Defendant BDL3 Amazon is located at 409 Washington Avenue, North Haven 06473.

3. Defendant employs 100 or more employees.

4. Defendant formerly employed plaintiff

5. Plaintiff was hired by defendant in or about September 2020 as a Warehouse Associate.

6. In 2024 plaintiff's supervisor became Jennifer Armstrong.

7. After the time that Jennifer Armstrong became plaintiff's supervisor I began having the issues outlined in this complaint.

8. In June 2025 I had located items and put them on a sled, then went on break.

9. When I returned from break, I saw the items had been removed from the sled.

10. I attempted to speak to my supervisor, but she did not want to talk to me.

11. I went to Human Resources (HR), as I had done on prior occasions

12. I requested to speak to HR and senior management but no one would speak to me.

13. This was not the first time the issue had occurred

14. On other recent occasions I was moved to another work station, but upon arrival, there was no work to do

15. I would wait for work, and perhaps 45 minutes would pass before I was given work.

16. The supervisor and management said my production numbers were unsatisfactory.

17. The lack of work given me was the cause of my production numbers being unsatisfactory

18. For the first four years with the company these issues were not happening and my production numbers were unsatisfactory.

19. On another occasion, I had parked my car in the employee parking lot in front of the large warehouse, near the main door.

20. There are cameras taping the activity in the parking lot.

21. I went into work, and after a while was called to go outside as the police were there and needed to see me regarding my vehicle.

22. Loss prevention had called the police, who told me that someone had removed the catalytic converter from the undercarriage of my car.

23. It cost me approximately $250 to have my car towed to the auto shop for repairs.

24. It cost me approximately $6,000 out of my pocket for me to replace the catalytic converter and repair the vehicle.

25. On or about June 15, 2025, I was terminated for alleged unsatisfactory production numbers.

26. Plaintiff is African-American male, born in 1956.

RETURN DATE:_____        : SUPERIOR COURT

Presilus Prophete
(First Named Plaintiff)              : JUDICIAL DISTRICT OF _____

V.                                   : AT _____

Amazon.com Services LLC
(First Named Defendant)              : (Date) _____

## Statement of Amount in Demand

The amount, legal interest or property in demand is $15,000.00 or more, exclusive of interest and costs.

| OR |
|---|

The amount, legal interest or property in demand is $2,500.00 or more, but less than $15,000.00, exclusive of interest and costs. [ *If a contract action seeking only money damages, add:]* The remedy sought is (not) based upon an express or implied promise to pay a definite sum.

| OR |
|---|

The amount, legal interest or property in demand is less than $2,500.00, exclusive of interest and costs.

THE PLAINTIFF

A TRUE COPY
ATTEST:

ALEX J. RODRIGUEZ
STATE MARSHAL
HARTFORD COUNTY

By: (Name) Presilus Prophete ___, pro se

(Signature) _____

(Address) 787 Colorado Ave.

Bridgeport CT 06604

(Phone No.) 203-338-1152

WHEREFORE, the plaintiff claims:

Plaintiff was Terminated three months before five-year work anniversary, which would have resulted in a substantial bonus.

Defendant has a history of Terminating employees prior to their 5-year anniversary. Plaintiff never had difficulty meeting production numbers for over four year after starting employment!

The Plaintiff

By: (Name) Presilus Prophete

(Signature) _____

(Address) 787 Colorado Ave.

Bridgeport CT 06604

(Phone No.) 203-338-1152

A TRUE COPY
ATTEST.

ALEX J. RODRIGUEZ
STATE MARSHAL
HARTFORD COUNTY

STATE OF CONNECTICUT}
                    } SS:  HARTFORD,        FEBRUARY 12, 2026
COUNTY OF HARTFORD  }


Then and by virtue hereof, on the 12th day of February, 2026, By direction of the Plaintiff, I made due and legal service on the within named Defendant, **AMAZON,** I left a verified true and attested copy of the within original **Summons, Complaint, Statement of Amount in Demand,** with and in the hands of Shelley Kurpaska, duly authorized to accept for  Corporation Service Company, Agent For Service for said Apportionment Defendant, at 225 Asylum Street, 20th Floor, in the City of Hartford.


The within is the original**, Summons, Complaint, Statement of Amount in Demand,** with my doings hereon endorsed.


FEES:

Pages          $ 6.00
Endorsements    2.00
Service        50.00
Travel         26.54

Total          $ 84.54

ATTEST:

ALEX J. RODRIGUEZ
STATE MARSHAL
HARTFORD COUNTY


Judicial District of New Haven
SUPERIOR COURT
FILED

FEB 2 4 2026

CHIEF CLERK'S OFFICE

# EXHIBIT B

| | |
|---|---|
| DOCKET NO. NNH-CV26-5066011-S | : SUPERIOR COURT |
| PRESILUS PROPHETE, | : JUDICIAL DISTRICT OF NEW HAVEN |
| Plaintiff, | : AT NEW HAVEN |
| v. | : |
| | : MARCH 16, 2026 |
| AMAZON.COM SERVICES LLC, | : |
| Defendant. | : |

## NOTICE TO SUPERIOR COURT OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Amazon.com Services LLC filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as **Exhibit A**. This Notice to the Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Ian C. Beck
Elizabeth R. McKenna
Ian C. Beck
LITTLER MENDELSON, PC
One Century Tower
265 Church Street - Suite 300
New Haven, CT 06510
Telephone: 203.974.8714
Facsimile:
203.823.4801
ibeck@littler.com

*Attorneys for Defendant*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of March, 2026, a copy of the foregoing was sent via email and first class mail to pro se parties of record as follows:

Presilus Prophete
787 Colorado Ave.
Bridgeport, CT 06604

*/s/ Ian C. Beck*
Ian C. Beck

State of Connecticut Judicial Branch

# Superior Court E-Filing



**Attorney/Firm: LITTLER MENDELSON P.C. (426891)**          **E-Mail: MNATALE@LITTLER.COM**   Logout

Hide Instructions          **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

[ Print This Page ]

**Confirmation of E-filed Transaction  (print this page for your records)**

| | |
|---|---|
| **Docket Number:** | NNH-CV-26-5066011-S |
| **Case Name:** | PROPHETE, PRESILUS v. AMAZON CORPORATION COMPANY Et Al |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Mar-16-2026 |
| **Motion/Pleading by:** | LITTLER MENDELSON P.C. (426891) |
| **Document Filed:** | 102.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Monday, March 16, 2026 4:34:53 PM |

[ E-File Another Pleading/Motion/Other document on this Case ]

[ Return to Civil / Family Menu ]     [ Return to Case Detail ]

Copyright © 2026, State of Connecticut Judicial Branch